UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES SECURITIES AND | ) |
| EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:17-cv-00415-WCL-SLC |
| | ) |
| MICHEAL A. SKERRY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a motion to compel filed on December 6, 2018, by Plaintiff United States Securities and Exchange Commission (the "SEC"), seeking to compel *pro se* Defendant[1] Michael A. Skerry ("Skerry"), a citizen and resident of Canada, to respond to discovery requests and appear at a deposition in Seattle, Washington. (DE 27). Skerry has not responded to the motion, and his time to do so has passed. N.D. Ind. L.R. 7-1(d)(2)(A). For the following reasons, the SEC's motion to compel will be granted in part.

### A. Procedural Background

On September 28, 2017, the SEC filed the complaint in this action, alleging that Skerry carried out a fraudulent investment scheme related to the stock of Success Holding Group International, Inc. (DE 1).

On April 4, 2018, the parties submitted their Federal Rule of Civil Procedure 26(f) planning report[2] to the Court. (DE 10; DE 11). On April 11, 2018, this Court conducted a

---

[1] In email correspondence attached to the SEC's brief in support of its motion to compel, Skerry states that he has an "attorney . . . in Canada." (*See, e.g.*, DE 28-4; DE 28-6). However, no attorney has entered an appearance on Skerry's behalf in this case.

[2] In the planning report and in a motion to dismiss, which the District Judge denied, Skerry maintained that

scheduling conference at which Skerry and counsel for the SEC appeared telephonically. (DE 13). The Court approved and adopted the discovery related deadlines in the parties' planning report (DE 13), and later, extended the deadline to complete all discovery to March 14, 2019 (DE 30; DE 31).

On August 9, 2018, the SEC sent Skerry requests for production of documents and requests for interrogatories. (DE 20; DE 21). Skerry's responses were due 30 days from service of the discovery requests (approximately mid-September 2018). (DE 28 at 2-3); *see generally* Fed. R. Civ. P. 33, 34. The SEC also sent Skerry an email explaining that he could upload his responses to the SEC's discovery requests via a link to a shared folder, and requesting dates that Skerry would be available for deposition in Seattle, Washington. (DE 28-1). On October 12, 2018, Skerry replied that he had finished responding to the SEC's discovery requests but that he could not upload the responses to the shared folder due to difficulty with the link the SEC provided. (DE 28-2; *see generally* DE 28-1). On November 1, 2018, having not received any updates from Skerry, counsel for the SEC reminded him that his discovery responses were overdue. (DE 28-3). To date, Skerry has not responded to the SEC's discovery requests or explained his failure to do so. (*See* DE 28-6).

Skerry also refused the SEC's offer to conduct the deposition in Seattle by claiming that it would cause him "hardship." (DE 28-2). It is worth noting that Seattle is significantly closer to Skerry, who resides in British Columbia, Canada, than to the SEC, in Chicago, Illinois. (*See, e.g.*, DE 28-5).

On November 16, 2018, the SEC noticed Skerry for a deposition to take place on December 4, 2018, in Seattle, Washington. (DE 23; DE 28 at 4). On November 19, 2018,

---

he is not subject to this Court's jurisdiction. (DE 6; DE 7; DE 10 at 1-2).

Skerry emailed counsel for the SEC, refusing to appear at the deposition, citing concerns that he would be considered "an undesirable person and either detained or refuse[d] entry in[to] the USA." (DE 28-4). Skerry requested that the deposition take place via video conference, but the SEC insisted that the deposition take place in person. (DE 28-5).

On November 27, 2018, counsel for the SEC asked Skerry to confirm whether he would appear at the December 4, 2018, deposition. (DE 28-6). Later that day, Skerry informed counsel for the SEC that he would not appear at the deposition on the instructions of his "lawyers" who were concerned that he would be detained crossing into the United States, aggravating his unidentified "serious health issues." (DE 28-7).

On December 6, 2018, the SEC filed the instant motion to compel, requesting that the Court enter an order: (1) setting a date by which Skerry must respond to the SEC's discovery requests; (2) requiring Skerry to appear for deposition in Seattle, Washington; and (3) advising Skerry that his failure to comply with the order will result in an entry of default judgment against him. (DE 28 at 10).

### B. Applicable Law

Under Federal Rule 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with the other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

Where the parties dispute the location, number, or date of a deposition, "the court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure of discovery.'" *Schoenherr v. Smith*, No. 12-CV-14276, 2013 WL 2239304, at *2 (E.D. Mich. May 21, 2013) (alteration in original) (quoting Fed. R. Civ. P. 26(c)(1)(B)). While the party noticing the deposition may pick the location, the district where the action is pending is generally the proper location for the deposition of a party. *United States v. Real Prop. Located at 700 N. 14th St., Springfield, Ill.*, No. 12-CV-3052, 2013 WL 5595952, at *2 (C.D. Ill. Oct. 11, 2013) (citation omitted). Courts disfavor remote depositions and generally allow them only if the deposed party shows that it would suffer "undue hardship" in attending the deposition. *Id*. (citation omitted). Simply stated, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Wounded Warrior Project, Inc. v. Help Ind. Vets, Inc.*, No. 1:14-CV-75-PPS-CAN, 2014 WL 12538947, at *1 (N.D. Ind. May 23, 2014).

### C. Discussion

The SEC complied with Federal Rule 37 and Local Rule 37 by reaching out to Skerry several times to arrange a deposition and to negotiate discovery issues. Skerry has not explained to the SEC or the Court why he is over three months late in producing documents and responding to interrogatories. Skerry seems to have simply ignored the SEC's discovery requests and the instant motion to compel. Thus, the Court will grant the SEC's motion to the extent it asks that Skerry be ordered to respond to the SEC's discovery requests.

Furthermore, Skerry has failed to show that he would suffer undue hardship in traveling

to Seattle for the deposition. He has not substantiated his vague concerns about being stopped or detained at the United States' border with Canada or his poor health. *Cf. Real Prop. Located at 700 N. 14th St., Springfield, Ill.*, at *2 (finding that a deponent's claims that no one else could care for her mother did not rise to the level of "undue hardship").

Conversely, as the SEC observes, conducting the deposition in Canada would likely cause the SEC to suffer undue hardship. For example, deposing a Canadian citizen in Canadian territory raises legal and logistical concerns involving comity and Canadian courts. (*See* DE 28 at 9 (citing *Metcalf v. Bay Ferries Ltd.*, Civ. A. No. 12-40075, 2014 WL 3670786, at *2 (D. Mass. July 21, 2014); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336-37 (N.D. Ind. 2000))). By offering to conduct the deposition in Seattle, and not Chicago or the Northern District of Indiana, the SEC has already taken on significant burden. Therefore, the Court will grant the SEC's motion to the extent that it asks the Court to order Skerry to attend a deposition in Seattle, Washington.

Finally, the SEC requests that the Court warn Skerry that his failure to comply with this Opinion and Order will result in a default judgment against him. Federal Rule 37 provides that the Court may order sanctions if a party "fails, after being served with proper notice, to appear to appear for . . . deposition," or fails to "serve its answers objections, or written responses" to interrogatories." Fed. R. Civ. P. 37(d)(1)(A). These sanctions include "rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(vi). Thus, the Court will caution Skerry that if he fails to comply with this Opinion Order, then sanctions may be entered against him, up to and including a default judgment.

### D. Conclusion

For the foregoing reasons, the SEC's motion to compel (DE 27) is GRANTED IN PART.

Skerry is ORDERED to provide responses to the SEC's first set of interrogatories and the SEC's first request for production of documents on or before January 28, 2019. Skerry is further ORDERED to attend a deposition in Seattle, Washington, at a date and time to be negotiated by the parties in good faith. Skerry is CAUTIONED that a failure to adhere to orders entered by this Court may result in sanctions being issued against him, up to and including the entry of a default judgment against him.

    SO ORDERED.

    Entered this 7th day of January 2019.

    /s/ Susan Collins
    Susan Collins
    United States Magistrate Judge