UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:17-CV-415 |
| MICHEAL A. SKERRY, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Sanctions filed by the U.S. Securities and Exchange Commission on March 13, 2019 (ECF 34). Defendant Micheal Skerry, who is proceeding *pro se*, failed to respond to the motion and the time for doing so has long passed. For the reasons discussed below, **the motion is GRANTED. The Clerk of the Court is directed to enter a default judgment in favor of the Plaintiff and against the Defendant. The SEC is granted 90 days from the date of this order to file additional pleadings regarding the remedies it seeks as a result of this entry of default judgment.**[1]

**DISCUSSION**

The SEC brought this action against Skerry on September 28, 2017, alleging that he violated U.S. securities laws. Complaint (ECF 1). The SEC alleges in its Complaint as follows:

> This case involves a fraudulent scheme to "scalp" the stock of Success Holding Group International, Inc. ("Success Holding"), a penny stock whose securities

---

[1] In its memorandum in support of its motion for sanctions, the SEC "requests leave to file supplemental briefing on remedies, including injunctive relief, disgorgement, and civil penalties, after the Court determines the merits of the instant motion." Memorandum in Support (ECF 35), p. 2, n. 1.

> were quoted on OTC Link under the symbol SHGT. After acquiring a large block of Success Holding stock in June 2014, Defendant Micheal A. Skerry ("Skerry"), a consultant to the company, employed a variety of deceptive practices to drive up the demand for and the price of Success Holding stock. Skerry then dumped his shares on unsuspecting investors, generating a profit of over $950,000 in approximately 5 months.
>
> . . .
>
> The Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)(B)(iii)].

Complaint (ECF 1), pp. 1-2. Skerry filed a motion to dismiss on October 31, 2017 (ECF 4), which the Court denied on February 26, 2018 (ECF 7). Skerry filed an Answer to the Complaint on October 16, 2018 (ECF 22)[2], but otherwise has failed to do anything in this case, including respond to the SEC's numerous discovery requests or appear for a deposition. The SEC filed a motion to compel in an attempt to obtain discovery and depose Skerry, but Skerry failed to respond to that motion also, which Magistrate Judge Susan Collins granted on January 7, 2019 (ECF 33) (Opinion and Order granting motion to compel in part and ordering Skerry to submit to a deposition). Skerry ignored that Court order and so the SEC filed the present motion for sanctions.

Accompanying the SEC's motion for sanctions is Plaintiff's Certification Under N.D. Ind. L.R. 37-1. The SEC states therein as follows:

> The undersigned counsel for the Plaintiff, Michael D. Foster, hereby certifies pursuant to Civil Local Rule 37-1 that prior to filing Plaintiff's Motion for Sanctions he conferred in good faith with *pro se* Defendant Micheal A. Skerry

---

[2] The SEC notes that after losing his motion to dismiss, "Skerry emailed SEC counsel a copy of his Answer on April 4, 2018, but did not properly file the Answer until 6 months later." Memorandum in Support, p. 3, n. 3.

> regarding the motion. On February 15, 2019, Plaintiff informed Defendant via email that he was in violation of this Court's Order dated January 7, 2019 (DE 33), for failure to cooperate in discovery as directed therein, and that as a result Plaintiff intended to move for sanctions in the form of a default judgment. Defendant provided a one-line cursory response that merely related to prior unfruitful settlement discussions and failed to address the outstanding discovery issues. Plaintiff reiterated its position in reply. Another three weeks have passed, and Defendant has not responded further to Plaintiff's email correspondence, let alone Plaintiff's prior discovery requests, or the Court's compulsion order regarding the same.

Rule 37-1 Certification (ECF 34-1), p. 1. As a result of Skerry's failure to abide by this Court's order, as well as his continued failure and refusal to participate and defend himself in this litigation, "the SEC respectfully requests that the Court strike Skerry's Answer and enter a default judgment against him, as sanctions under Rule 37 for dilatory and contemptuous conduct that has interfered with the just resolution of this case." Plaintiff's Memorandum of Law in Support of its Motion for Sanctions (ECF 35), p. 10.

The SEC argues that since his unsuccessful attempt to get this case dismissed and the filing of his Answer, "Skerry has failed to provide basic discovery requested by the Commission and demonstrated an unwillingness to continue to participate in this litigation. The SEC served Skerry with interrogatories on August 9, 2018. He failed to answer. The SEC noticed Skerry's deposition for December 4, 2018. He failed to attend. When the SEC moved to compel Skerry to provide written and oral discovery, he failed to respond to the motion. Even after the Court directed Skerry to provide this discovery, he failed to do so." *Id.*, p. 1. Importantly, the SEC notes that "[i]n its January 7, 2019[,] compulsion order, the Court cautioned Skerry that failure to comply could result in sanctions, including entry of default judgment. Skerry has failed to heed the Court's warning and has made no effort whatsoever to cure his discovery failures. In light of

Skerry's refusal to comply with his discovery obligations and his willful disobedience of the Court's order, the Court should enter a default judgment against Skerry." *Id*., pp. 1-2.

The Court's authority to impose sanctions comes from Rule 37(b)(2) as well as the Court's inherent power to manage its cases in an orderly fashion. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 44, 47 (1991). Rule 37(b)(2)(A) provides a list of permissible sanctions, including dismissing the case in whole or in part or entering default judgment against the disobedient party. *Med. Assur. Co. v. Weinberger*, 2012 WL 4050305, at *4-5 (N.D. Ind. Sept. 12, 2012). In *Weinberger*, this Court explained as follows:

> When determining which sanctions to employ, the Court considers, among other factors, "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003). "Sanctions may only be imposed where a party fails to comply with a discovery order and displays wilfulness, bad faith or fault." *Philips Medical Systems Internat'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). Moreover, "[t]he sanction imposed must be proportional to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696-98 (7th Cir.2009).
>
> While dismissal and default judgment are within the Court's discretion, they are the most severe sanctions in the Court's arsenal and "should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of Univ. of Ill*., 473 F.3d 799, 811 (7th Cir. 2007). In reviewing sanctions of dismissal, the Seventh Circuit has instructed that such extreme sanctions may be appropriate for Rule 37 violations when there is "a finding of willfulness, bad faith or fault, as long as [a district court] first considers and explains why lesser sanctions would be inappropriate." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003)*; see also Bruetman*, 982 F.2d at 214-15 (upholding sanction of default judgment upon showing of willful). Thus, the Court will not impose default judgment as a sanction unless it first finds willfulness or bad faith and determines that no other sanction would be appropriate.

*Med. Assur. Co. v. Weinberger*, 2012 WL 4050305, at *4-5. For the harsh sanction of default

judgment, the plaintiff must show that the defendant "'acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake.'" *Scruggs v. West*, 2019 WL 2611090, at *1 (N.D. Ind. June 26, 2019) (quoting *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016)). The plaintiff must prove the factual basis for sanctions by a preponderance of the evidence. *Ramirez*, 845 F.3d at 781.

In the present case, the SEC has shown that it is entitled to the remedy of entry of a default judgment against Skerry. Skerry has failed and refused to respond to the SEC's discovery requests, failed to show up for a noticed deposition, ignored this Court's order to do so, and even failed to respond to the current motion. Indeed, Skerry has not filed anything or otherwise participated in this litigation in more than nine months since filing his belated Answer. Magistrate Judge Collins, in her order entered over seven months ago, warned Skerry that his failure to comply with the Court's order could result in the entry of a default judgment:

> Skerry is ORDERED to provide responses to the SEC's first set of interrogatories and the SEC's first request for production of documents on or before January 28, 2019. Skerry is further ORDERED to attend a deposition in Seattle, Washington, at a date and time to be negotiated by the parties in good faith. Skerry is CAUTIONED that a failure to adhere to orders entered by this Court may result in sanctions being issued against him, up to and including the entry of a default judgment against him.

Opinion and Order (ECF 33), p. 6.[3] Skerry was unmoved by that explicit warning. For all of these reasons, the Court concludes that the SEC's motion for sanctions is well taken and that the remedy of default judgment is appropriate under the circumstances of this case.

---

[3] In addition to issuing this warning to Skerry, Judge Collins' order discussed how Skerry had failed to comply with discovery or otherwise participate in this litigation. Opinion and Order, pp. 4-5.

## CONCLUSION

For the reasons set forth above, the Motion for Sanctions filed by Plaintiff U.S. Securities and Exchange Commission (ECF 34) is **GRANTED. The Clerk of the Court is directed to enter a default judgment in favor of the Plaintiff and against the Defendant. The SEC is granted 90 days from the date of this order to file additional pleadings regarding the remedies it seeks as a result of this entry of default judgment.**

Date: August 6, 2019.

 /s/   William C. Lee  
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana
