# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) MICHEAL A. SKERRY, ) ) Defendant. ) | Case No. 1:17-CV-415 |

## ORDER OF JUDGMENT

This matter is before the Court on Plaintiff's Corrected Motion for Remedies and Final Judgment Against Defendant Skerry filed by the U.S. Securities and Exchange Commission on November 5, 2019 (ECF 39).[1] Defendant Micheal A. Skerry did not file a response to the motion and the time for doing so has passed. The motion is GRANTED as set forth below. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## DISCUSSION

The SEC brought this action against Skerry on September 28, 2017, alleging that he violated U.S. securities laws. Complaint (ECF 1). The SEC alleged in its Complaint as follows:

> This case involves a fraudulent scheme to "scalp" the stock of Success Holding Group International, Inc. ("Success Holding"), a penny stock whose securities were quoted on OTC Link under the symbol SHGT. After acquiring a large block of Success Holding stock in June 2014, Defendant Micheal A. Skerry ("Skerry"), a consultant to the company, employed a variety of deceptive practices to drive up the demand for and the price of Success Holding stock. Skerry then dumped his

---

[1] The SEC filed an identical Motion for Remedies and Final Judgment on November 4, 2019 (ECF 37), but filed a corrected version the next day (ECF 39) to correct an error in the original version (*see* footnote two). The first motion, then, is DENIED AS MOOT.

> shares on unsuspecting investors, generating a profit of over $950,000 in approximately 5 months.
>
> . . .
>
> The Commission brings this action under Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. The Commission seeks the imposition of civil penalties pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)] and Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)(B)(iii)].

Complaint (ECF 1), pp. 1-2. Skerry filed a motion to dismiss on October 31, 2017 (ECF 4), which the Court denied on February 26, 2018 (ECF 7). Skerry filed an Answer to the Complaint on October 16, 2018 (ECF 22), but otherwise has failed to do anything in this case, including respond to the SEC's numerous discovery requests or appear for a deposition. The SEC filed a motion to compel in an attempt to obtain discovery and depose Skerry, but Skerry failed to respond to that motion also, which Magistrate Judge Susan Collins granted on January 7, 2019 (ECF 33) (Opinion and Order granting motion to compel in part and ordering Skerry to submit to a deposition). Skerry ignored that Court order and so the SEC filed a motion for sanctions on March 13, 2019 (ECF 34), seeking remedies including default judgment. The Court granted that motion in an Opinion and Order entered on August 6, 2019 (ECF 36), entering a default judgment against Skerry. In that order, the Court explained that sanctions against Skerry were warranted:

> In the present case, the SEC has shown that it is entitled to the remedy of entry of a default judgment against Skerry. Skerry has failed and refused to respond to the SEC's discovery requests, failed to show up for a noticed deposition, ignored this Court's order to do so, and even failed to respond to the current motion. Indeed, Skerry has not filed anything or otherwise participated in this litigation in more than nine months since filing his belated Answer.
>
> Magistrate Judge Collins . . . warned Skerry that his failure to comply with the

Court's order could result in the entry of a default judgment:

> Skerry is ORDERED to provide responses to the SEC's first set of interrogatories and the SEC's first request for production of documents on or before January 28, 2019. Skerry is further ORDERED to attend a deposition in Seattle, Washington, at a date and time to be negotiated by the parties in good faith. Skerry is CAUTIONED that a failure to adhere to orders entered by this Court may result in sanctions being issued against him, up to and including the entry of a default judgment against him.

Opinion and Order (ECF 33), p. 6. In addition to issuing this warning to Skerry, Judge Collins discussed in her order how Skerry had failed to comply with discovery or otherwise participate in this litigation. *Id*., pp. 4-5.

Skerry was unmoved by that explicit warning. For all of these reasons, the Court concludes that the SEC's motion for sanctions is well taken and that the remedy of default judgment is appropriate under the circumstances of this case.

Opinion and Order Granting Default Judgment, Aug. 6, 2019 (ECF 36), pp. 1-5. Also in that order, the Court granted the SEC "90 days from the date of this order to file additional pleadings regarding the remedies it seeks as a result of this entry of default judgment." *Id*., p. 1.

Pursuant to this Court's instructions, the SEC filed its Motion for Remedies and Final Judgment (Corrected) on November 5, 2019 (ECF 39). The corrected motion was filed to correct a scrivener's error in the original motion that overstated the amount of interest the SEC seeks as part of its judgment.[2] In its Motion for Judgment, the SEC argues as follows: "[T]he Court should enter a final judgment that (a) permanently enjoins Skerry from future violations of the provisions of federal securities law identified in the SEC's Complaint, (b) orders Skerry to pay disgorgement of $957,712.41 and $212,710.62 in prejudgment interest, (c) requires Skerry to pay a third-tier civil penalty of $957,712.41, and (d) imposes a penny stock bar against Skerry."

---

[2] Plaintiff's original motion filed November 4, 2019, incorrectly listed this amount as $227,473.45.

Motion for Final Judgment, p. 1. As stated above, Skerry has not responded to the SEC's motion. For the foregoing reasons, the SEC is entitled to judgment in its favor as set forth below.

**Order of Final Judgment**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

 (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $957,712.41, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $212,710.62, for a total of $1,170,423.03. Defendant shall satisfy this obligation by paying $1,170,423.03 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Micheal A. Skerry as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $957,712.41 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

8

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Micheal A. Skerry as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## CONCLUSION

For the foregoing reasons, the Motion for Remedies and Final Judgment filed by the SEC (ECF 37) is DENIED AS MOOT and the Motion for Remedies and Final Judgment (Corrected) (ECF 39) is GRANTED. The Clerk is ordered to enter this Final Judgment forthwith.

Dated: December 26, 2019.

    /s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana